**LAUREL EMPLOYMENT LAW, APC**
Joshua I. White (Cal. SBN 278166)
josh@laurelemploymentlaw.com
William M. Hogg (Cal. SBN 338196)
william@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, California 90401
Tel: (323) 551-9221; Fax: (310) 654-4093

[Additional Counsel on next page]

*Attorneys for Plaintiff, Class, and Collective Members*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEGAN MEMERY, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PETCO ANIMAL SUPPLIES STORES, INC.,**<br><br>**Defendant.** | **Case No. '26CV0823 H SBC**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>**1. Failure to Pay Overtime Wages Under the FLSA;**<br>**2. Failure to Pay Overtime Wages Under the IMWL (820 ILCS 105/1, *et seq*.);**<br>**3. Failure to Pay Overtime Wages Under the IWPCA (820 ILCS 115/1, *et seq*.);**<br>**4 . Failure to Pay All Wages Owed Under the IWPCA (820 ILCS 115/1, *et seq*.)**<br><br>**JURY TRIAL DEMANDED** |

**ANDERSON ALEXANDER, PLLC**
Austin W. Anderson* (Texas Bar No. 24045189)
Email: austin@a2xlaw.com
William C. ("Clif") Alexander* (Texas Bar No. 24064805)
Email: clif@a2xlaw.com
Carter T. Hastings* (Texas Bar No. 24101879)
Email: carter@a2xlaw.com
Lauren E. Braddy* (Texas Bar No. 24071993)
Email: lauren@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279; Fax: (361) 452-1284

* *Pro Hac Vice* anticipated

Plaintiff—Megan Memery—brings this action individually and on behalf of all current and former hourly Store Employees (collectively, "Plaintiff and the Putative Collective/Class Members"), who worked for Defendant—Petco Animal Supplies Stores, Inc. ("Petco" or "Defendant")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1–105/15 ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1–115/15 ("IWPCA") (the IMWL and IWPCA are collectively referred to as the "Illinois Acts").

## I.

## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Illinois under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Petco at any time during the relevant time periods through the final disposition of this matter, who have not been paid for all hours worked nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), Petco knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, Petco's regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40) (not counting hours worked "off-the-clock")—was (and is) to deduct a 30-minute meal-period from Plaintiff and the Putative Collective/Class Members' daily time even though they regularly performed compensable work (and continue to perform) "off the clock" through their respective meal-period breaks.

7. The effect of Petco's practices were (and are) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Petco failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked in violation of the FLSA and the Illinois Acts.

8. Petco knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Illinois Acts.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid compensation and other damages owed under the state laws of Illinois as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 classes are certified as defined herein, with Plaintiff Memery named as the Class Representative.

## II.

## THE PARTIES

13. Plaintiff—Megan Memery—was employed by Petco in Illinois during the relevant time period(s). Plaintiff Memery did not receive compensation for all

hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former hourly Store Employees who were employed by Petco, anywhere in the United States, at any time from three (3) years before the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Memery worked and was paid.

15. The IWPCA Class Members are those current and former hourly Store Employees who were employed by Petco, in the State of Illinois, at any time from 10 years before the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Memery worked and was paid.

16. The IMWL Class Members are those current and former hourly Store Employees who were employed by Petco, in the State of Illinois, at any time from three (3) years before the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Memery worked and was paid.

17. Defendant Petco Animal Supplies Stores, Inc. is a foreign for-profit corporation with its principal place of business located in San Diego, California. Defendant Petco may be through its registered agent for service of process: **CSC**

---

[1] The written consent of Megan Memery is attached hereto as Exhibit "A."

**Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento California 95833.**

## III.

## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional Illinois state law claims pursuant to 28 U.S.C. § 1367.

20. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

21. This Court has general personal jurisdiction over the Petco because its principal place of business and corporate headquarters is located in San Diego, California.

22. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in the Southern District of California because this is a judicial district where the defendant resides.

## IV.

## BACKGROUND FACTS

23. Petco provides pet-related supplies, food, and medical services throughout the United States.[2]

---

[2] https://corporate.petco.com/ (last visited on December 30, 2025).

**Plaintiff and the Putative Collective/Class Members are Similarly Situated**

24. To provide its services, Petco employed (and continues to employ) numerous hourly, non-exempt Store Employees[3]—including Plaintiff and the individuals that make up the putative collective and class.

25. Plaintiff and the Putative Collective/Class Members were employed by Petco as hourly, non-exempt Store Employees who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

26. Plaintiff and the Putative Collective/Class Members were responsible for assisting customers, completing sales, and providing services such as grooming and veterinary assistance.

27. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

28. Importantly, none of the FLSA exemptions relieving a covered employer (such as Petco) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29. Plaintiff Memery was employed by Petco as a Pet Sylist in Illinois from approximately 2021 until March 2025.

30. During their respective employment with Petco, Plaintiff and the Putative Collective/Class Members were regularly scheduled to, and did, work five

---

[3] "Store Employees" job titles include but are not limited to: Pet Stylist, Groomer, Veterinarian Assistant, Associate, Cashier, and Trainer.

(5) days a week, and approximately eight (8) hours per day, for a 40-hour work-week.

31. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Petco resulting in the complained of FLSA and Illinois Acts violations.

32. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties—that is, they all assisted customers, completed sales, and provided store services to customers.

33. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are all paid on an hourly basis and Petco automatically deduct thirty (30) minutes for a meal period each workday.

34. Plaintiff and the Putative Collective/Class Members are similarly situated with respect to Petco's policies (and practices) resulting in the complained of FLSA and Illinois Acts violations.

**Unpaid Meal Breaks**

35. Petco has a policy wherein it automatically deducts a thirty (30) minute meal period from Plaintiff and the Putative Collective/Class Members' daily time.

36. Petco's automatic thirty (30) minute meal period deduction resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and the Ilinois Acts.

37. Petco knew or should have known that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA and the Illinois Acts.

38. Petco knew or should have known Plaintiff and the Putative Collective/Class Members did not take a meal break because they did not clock in and out for a break.

39. Although Plaintiff and the Putative Collective/Class Members were permitted to clock in and out for true lunch breaks, when they did not clock in and out for a break, Petco would automatically deduct time for a break.

40. Petco also knew Plaintiff and the Putative Collective/Class Members did not take breaks because Plaintiff and the Putative Collective/Class Members informed their supervisors they regularly did not take a meal break.

41. As a result of Petco's failure to compensate Plaintiff and the Putative Collective/Class Members for all compensable work performed "off the clock," such as during their unpaid meal breaks, Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and the Illinois Acts.

42. For example, during Plainiff Memery's second to last workweek with Petco, Plaintiff Memery worked at least forty (40) or more hours on-the-clock and did not receive a meal break each day, but Petco deducted a 30-minute meal period for each of the five (5) days she worked from her wages, for a total of 2.5 unpaid hours. As a result, Petco failed to pay Plaintiff Memery for 2.5 overtime hours, resulting in an FLSA violation and a violation of the IMWL.

43. As further example, during Plainiff Memery last workweek with Petco, Plaintiff Memery worked less than forty (40) hours on-the-clock and did not receive a meal break each day but had it deducted from her wages. As a result the deducted time qualified as unpaid straight time wages that Petco failed to pay to Plaintiff Memery resulting in an Illinois state law violation.

44. Petco knew or should have known it was not (and is not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

45. Petco's actions therefore constitute willful violations under the law and were not made in good faith.

46. Petco's failure to pay Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and the Illinois Acts.

47. Petco knew or should have known they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and the Illinois Acts.

48. Petco knew or should have known their failure to pay the correct amount of straight time and overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

49. Because Petco did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek,

Petco's pay policies and practices willfully violated (and continue to violate) the FLSA and the Illinois Acts.

50. Because Petco did not pay Plaintiff and the Putative Collective/Class Members for all straight time worked, Petco's pay policies and practices violated (and continue to violate) the Illinois Acts.

51. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to the Illinois Acts.

## V.

## CAUSES OF ACTION

## <u>FIRST CAUSE OF ACTION</u>

**(Collective Action Alleging FLSA Violations)**

### A. FLSA COVERAGE

52. The preceding paragraphs are incorporated as though fully set forth herein.

53. The "FLSA Collective" and "FLSA Collective Members" are defined as:

> **ALL CURRENT AND FORMER HOURLY STORE EMPLOYEES WHO WORKED FOR PETCO ANIMAL SUPPLIES STORES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM THREE (3) YEARS BEFORE THE FILING OF THIS COMPLAINT THROUGH THE FINAL DISPOSITION OF THIS MATTER.**

54. At all material times, Petco has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55. At all material times, Petco has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

56. At all material times, Petco has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

57. Specifically, Petco operates a nation-wide pet store chain, sells and purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

58. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Petco, these individuals provided services for Petco that involved interstate commerce (as described above) for purposes of the FLSA.

59. In performing work for Petco, Plaintiff and the FLSA Collective Members were (and continue to be) engaged in commerce or in the production of

goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly, non-exempt employees who assisted Petco's customers throughout the United States. 29 U.S.C. § 203(j).

61. The proposed classes of similarly situated employees—that is, the FLSA collectives sought to be certified pursuant to 29 U.S.C. § 216(b), are defined in Paragraph 55.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Petco.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

63. Petco violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, Petco knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

65. Petco knew or should have known their pay practices were (and continue to be) in violation of the FLSA.

66. Petco is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were (and continue to be) in violation of the FLSA.

67. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Petco to pay them according to the law.

68. The decision and practice by Petco to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable or in good faith.

69. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Petco's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

72. Other similarly situated employees of Petco have been victimized by Petco's patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collectives are defined in Paragraph 53.

74. Petco's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Petco, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

75. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Petco will retain the proceeds of their violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 55.

## SECOND CAUSE OF ACTION

**(Class Action Alleging Violations of the IMWL)**

### A. IMWL COVERAGE

82. All previous paragraphs are incorporated as though fully set forth herein.

83. The IMWL Class is defined as:

> **ALL CURRENT AND FORMER HOURLY STORE EMPLOYEES WHO WERE EMPLOYED BY PETCO ANIMAL SUPPLIES STORES, INC., IN ILLINOIS, AT ANY TIME FROM THREE (3) YEARS BEFORE THE FILING OF THIS COMPLAINT THROUGH THE FINAL DISPOSITION OF THIS MATTER ("IMWL Class Members").**

84. At all material times, Petco has each been an "employer" as defined by the IMWL. *See* 820 ILCS 105/3(c).

85. At all material times, Plaintiff Memery and the IMWL Class Members were (and continue to be) Petco's "employees" as defined within the IMWL. *See* 820 ILCS 105/3(d).

86. Petco—the "employer"—is not exempt from paying wages and overtime benefits under the IMWL.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IMWL

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The IMWL requires employers, like Petco, to pay employees, including Plaintiff Memery and the IMWL Class Members, overtime wages at a rate not less than 1.5 times their regular rates of pay for all hours worked after forty (40) hours in a workweek. *See* 820 ILCS 105/4a.

89. Petco violated, and continues to violate, the IMWL by failing to pay Plaintiff Memery and the IMWL Class Members overtime wages at rates not less than 1.5 times their regular rates for all hours worked after forty (40) in a workweek, including off-the-clock hours worked by Plaintiff Memery and the IMWL Class Members during their unpaid meal breaks.

90. In violating the IMWL, Petco acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

91. As a direct and proximate result of Petco's willful conduct, Plaintiff Memery and the IMWL Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, including treble damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IMWL. *See* 820 ILCS 105/12(A).

92. Petco is in possession and control of necessary documents and information from which Plaintiff Memery would be able to precisely calculate damages.

93. The proposed class of putative class members sought to be certified pursuant to the IMWL is defined in Paragraph 83.

94. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Petco.

**C. IMWL CLASS ALLEGATIONS**

95. Plaintiff Memery and the IMWL Class Members bring their IMWL claim as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Petco to work in Illinois since three (3) years before the filing of this Action through final resolution.

96. Class action treatment of Plaintiff Memery and the IMWL Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

97. The number of IMWL Class Members is so numerous that joinder of all class members is impracticable.

98. Plaintiff Memery's state-law claims share common questions of law and fact with the claims of the IMWL Class Members.

99. Plaintiff Memery is a member of the IMWL Class, her claims are typical of the claims of other IMWL Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other IMWL Class Members.

100. Plaintiff Memery and her counsel will fairly and adequately represent the IMWL Class Members and their interests.

101. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

Accordingly, the IMWL Class should be certified as defined in Paragraph 85.

## THIRD CAUSE OF ACTION

### (Alleging Wage Statement Violations of the IWPCA)

### A. IWPCA COVERAGE

102. All previous paragraphs are incorporated as though fully set forth herein.

103. The IWPCA Class is defined as:

> **ALL CURRENT AND FORMER HOURLY STORE EMPLOYEES WHO WERE EMPLOYED BY PETCO ANIMAL SUPPLIES STORES, INC., IN ILLINOIS, AT ANY TIME FROM TEN (10) YEARS BEFORE THE FILING OF THIS COMPLAINT THE FINAL DISPOSITION OF THIS MATTER ("IWPCA Class Members").**

104. At all material times, Petco has been an "employer" as defined by the IWPCA. *See* 820 Ill. Comp. Stat. Ann. 115/2.

105. At all material times, Plaintiff Memery and the IWPCA Class Members were Petco's "employees" as defined within the IWPCA. *Id.*

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE IWPCA

106. All previous paragraphs are incorporated as though fully set forth herein.

107. The IWPCA requires employers, like Petco, to pay employees, including Plaintiff Memery and the IWPCA Class Members, for all hours they work at the rate(s) agreed to by the Parties.

108. As part of the agreement for employment, Petco agreed to pay Plaintiff Memery and each IWPCA Class Member an hourly rate for all non-overtime hours they worked in a workweek, and another set hourly rate for all overtime hours worked in a workweek.

109. Specifically, Petco agreed that in exchange for her labor, Plaintiff Memery would be paid approximately $16.00 per hour worked up to forty (40) hours and approximately $24.00 per hour for each hour worked in excess of forty (40) hours per workweek. Plaintiff Memery and each IWPCA Class Member accepted Petco's offer—agreeing to work for Petco in exchange for the agreed upon rates for each hour of work performed.

110. This agreement included *all* time Plaintiff Memery and the IWPCA Class Members worked on Petco's behalf, including time worked during their unpaid meal-breaks.

111. But during the course of their employment, Petco unilaterally breached the agreement by not compensating Plaintiff Memery and the IWPCA Class Members for all hours worked at the rates it had agreed to pay Plaintiff Memery and the IWPCA Class Members.

112. Specifically, Petco knew or should have known Plaintiff Memery and the IWPCA Class Members were working through their meal breaks without pay and Petco chose to not compensate Plaintiff Memery and the IWPCA Class Members pursuant to their agreement for those hours worked.

113. Petco violated and continues to violate the IWPCA by failing to pay Plaintiff Memery and the IWPCA Class Members all wages earned (at the rates Petco agreed to pay them) for all hours of work they performed for Petco's benefit.

114. In violating the IWPCA, Petco acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Illinois law.

115. As a direct and proximate result of Petco's willful conduct, Plaintiff Memery and the IWPCA Class Members have suffered substantial losses, and continue to suffer substantial losses, and have been deprived of compensation to which they are entitled damages, monthly statutory damages, and reasonable attorneys' fees pursuant to the IWPCA. *See* 820 ILCS 115/14(A).

116. Petco is in possession and control of necessary documents and information from which Plaintiff Memery would be able to precisely calculate damages.

117. The proposed class of putative class members sought to be certified pursuant to the IWPCA is defined in Paragraph 105.

118. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Petco.

**C. IWPCA CLASS ALLEGATIONS**

119. Plaintiff Memery and the IWPCA Class Members bring their IWPCA claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Petco to work in Illinois since January 6, 2015.

120. Class action treatment of Plaintiff Memery and the IWPCA Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

121. The number of IWPCA Class Members is so numerous that joinder of all class members is impracticable.

122. Plaintiff Memery's IWPCA state-law claims share common questions of law and fact with the claims of the IWPCA Class Members.

123. Plaintiff Memery is a member of the IWPCA Class, her claims are typical of the claims of other IWPCA Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other IWPCA Class Members.

124. Plaintiff Memery and her counsel will fairly and adequately represent the IWPCA Class Members and their interests.

125. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

126. Accordingly, the IWPCA Class should be certified as defined in Paragraph 105.

## VI.

## JURY DEMAND

127. Plaintiff hereby demands a jury trial on all claims and issues for which she is entitled to a jury.

## VII.

## RELIEF SOUGHT

128. Plaintiff respectfully prays for judgment against Petco as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 55;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Petco liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the IMWL Class as defined in ¶ 83, and designating Plaintiff Memery as Representative of the IMWL Class;

e. For an Order pursuant to Illinois state law awarding Plaintiff Memery and the IMWL Class Members damages for unpaid wages and all other damages allowed by law;

f. For an Order certifying the IWPCA Class as defined in ¶ 103, and designating Plaintiff Memery as Representative of the IWPCA Class;

g. For an Order pursuant to Illinois state law awarding Plaintiff Memery and the IWPCA Class Members damages for unpaid wages and all other damages allowed by law;

h. For an Order awarding the costs of this action;

i. For an Order awarding attorneys' fees;

j. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k. For an Order awarding Plaintiff Memery a service award as permitted by law;

l. For an Order compelling the accounting of the books and records of Petco, at Petco's expense (should discovery prove inadequate); and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 10, 2026

Respectfully submitted,

*<u>/s/ William M. Hogg</u>*
Joshua I. White
William M. Hogg
**LAUREL EMPLOYMENT LAW**

William C. "Clif" Alexander*
Austin W. Anderson*
Carter T. Hastings*
**ANDERSON ALEXANDER, PLLC**

* - *Pro Hac Vice* anticipated

*Counsel for Plaintiff, Class, and Collective Members*